FOGG, Judge.
In this medical malpractice action, the plaintiffs contest the dismissal of one defendant pursuant to the granting of a motion for summary judgment. For the following reasons, we reverse.
Earlean Tuminello began residing at La-combe Nursing Home on April 1, 1992. *666 On the evening of April 4th, she was placed in bed and the side rails were raised. Early the following morning, an employee of the nursing home found Ms. Tuminello lying on the floor next to her bed. Ms. Tuminello was transported to St. Tammany Parish Hospital where she was diagnosed with a fractured hip. Surgery to repair the fracture was performed at St. Tammany Parish Hospital. On April 16, 1992, Ms. Tuminello died from massive bleeding of a duodenal ulcer.
In 1997, Ms. Tuminello’s daughter, Lisa Tuminello McElrath, and grand-daughter, Tina Tuminello, brought this action for damages, naming as defendants Lacombe, Tulane Medical Center, St. Tammany Parish Hospital, and various physicians who treated Ms. Tuminello while she was hospitalized. Therein, plaintiffs asserted that the negligence of the nursing home caused Ms. Tuminello to fall out of the bed and fracture her hip, a condition that went undiagnosed. As a result of the fractured hip not being diagnosed in a timely manner, Ms. Tuminello developed an ulcer that also went undiagnosed and resulted in her death. Plaintiffs asserted that the defendants were solidarity liable for Ms. Tumi-nello’s injuries and death.
Lacombe responded with a motion for summary judgment, asserting there were no genuine issues of material fact and, as a matter of law, the suit had prescribed as to it. In support of its motion, Lacombe placed into evidence a copy of Ms. Tumi-neflo’s death certificate. The plaintiffs opposed the motion for summary judgment, asserting that the suit against Lacombe was timely because the defendants were solidarity hable, as set forth in their pleadings, and the suit was timely as to the individual physicians. The trial court determined that no solidarity existed and ^granted the motion, dismissing the plaintiffs lawsuit as to Lacombe. The plaintiffs appeal.
In summary judgment litigation, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, then the nonmoving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Foreman v. Danos and Curole Marine Contractors, Inc., 97-2038 (La.App. 1 Cir. 9/25/98), 722 So.2d 1, writ denied, 98-2703 (La.12/18/98), 734 So.2d 637.
The applicable substantive law determines the materiality of facts in a summary judgment setting. J. Ray McDermott, Inc. v. Morrison, 96-2337 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754. Therefore, to prevail on its motion for summary judgment Lacombe must show that there is no issue of material fact as to whether it was timely sued.
Lacombe does not dispute the timeliness of the suit as to the physicians. Rather, in its motion for summary judgment, La-combe admits that the suit against the physicians was timely served. Because the facts asserted by the plaintiffs indicate that the defendants are solidarity liable,[1] service on one defendant would interrupt prescription as to all solidarity liable defendants. See LSA-C.C. arts. 1799 and 3503; Younger v. Marshall Ind., Inc., 618 So.2d 866 (La.1993). Therefore, although the suit was filed approximately five years *667 after Ms. Tuminello’s death, to carry its burden of proof, Lacombe must show that there is an absence of support for the facts |4on which the plaintiffs rely in asserting that the defendants are solidarily liable.
In support of its motion for .summary judgment, Lacombe filed into evidence only a copy of Ms. Tuminello’s death certificate. It offered no evidence to show an absence of factual support for the allegations on which the plaintiffs base their theory of solidary liability. Therefore, La-combe failed to carry its burden of proof, and the trial court erred in concluding no solidarity existed and in granting summary judgment in favor of Lacombe.
For the foregoing reasons, the judgment of the trial court is reversed. Judgment is rendered in favor of the plaintiffs, denying Lacombe’s motion for summary judgment. This matter is remanded to the trial court for further proceedings. Costs are assessed against Lacombe Nursing Center.
REVERSED AND REMANDED.

. The 1996 amendment to LSA-C.C. art. 2324 is not retroactive. Aucoin v. State Dep't of Transp. and Dev., 97-1938, 97-1967 (La.4/24/98), 712 So.2d 62.